O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, v. Haki Dervishi, Defendant/Movant. | Case Nos. EDCV 14-02135-VAP **EDCR 12-00084-VAP** **ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** **[Motion filed on October 16, 2014]** |

## I. SUMMARY OF PROCEEDINGS

On or about October 16, 2014, pro se Petitioner Haki Dervishi filed this "Motion to Set Aside, or Correct Sentence by a Person in Federal Custody" pursuant to 28 U.S.C. § 2255 ("Motion"). (Doc. No. 66.)[1] The government opposed the Motion on January 16, 2015, (Doc. No. 69), to which Petitioner responded on February 3, 2015 (Doc. No. 70). Petitioner pleaded guilty to

---

[1] Docket citations refer to entries in Petitioner's underlying criminal matter, United States v. Haki Dervishi, No. 12-cr-84-VAP (C.D. Cal.).

violations of 7 U.S.C. § 2024(b) on June 18, 2013, (Doc. No. 30), and now challenges the legality of his sentence. Petitioner bases his motion on a purportedly incorrect calculation of his sentencing range under the United States Sentencing Guidelines. (See generally Doc. No. 66.)

## II. BACKGROUND

### A. Petitioner's Conviction and Sentence

On November 7, 2012, a grand jury in this district returned a seven-count indictment against Petitioner arising out of an illegal scheme to trade cash for federal food stamp benefits. (Doc. No. 1.) On June 18, 2013, Petitioner pleaded guilty to count three of the indictment, which charged him with "illegal trafficking in food stamp benefits in violation of Title 7, United States Code, Section 2024(b), and aiding and abetting, causing an act to be done in violation of Title 18, United States Code, Section 2." (Doc. No. 29 at 2.) As part of Petitioner's guilty plea, he waived his right to appeal the conviction and also waived his right to appeal most aspects of his sentence. (Doc. No. 29 ¶¶ 16, 17.) Defendant's waiver of appeal of his sentence was contingent upon the imposition of a total term of imprisonment of no more than 78 months. (Doc. No. 29 ¶ 17.)

The Court imposed a sentence of 42 months imprisonment, and ordered restitution paid to the United States Department of Agriculture in the amount of $3,511,878, pursuant to 18 U.S.C. § 3663A. (Doc. No. 45.) Because the term of imprisonment actually imposed was 42 months, (id.), Petitioner in fact waived his appellate rights regarding his sentence. On June 4, 2014, the United States Court of Appeals for the Ninth Circuit granted Petitioner's motion for voluntary dismissal of his direct appeal. (Doc. No. 62.)

**B. Petitioner's Presentence Investigation Report**

Petitioner's motion argues the Presentence Investigation Report ("PSR") prepared by the United States Probation Office incorrectly calculated his sentencing range under the United States Sentencing Guidelines. Petitioner's PSR categorized his Total Offense Level as 24, his Criminal History Score as III, and provided for a recommended Guideline Sentence of 63 to 78 months. (Doc. No. 36 ¶¶ 39, 57.) The PSR also states the amount of loss resulting from the scheme totalled $3,511,878. (Id. ¶ 32.)

## III. LEGAL STANDARD

Section 2255 authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of

the United States." 28 U.S.C. § 2255(a). Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783–84 (1979). If the record clearly indicates that a movant does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also United States v. Chacon–Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000) ("When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255)).

## IV. DISCUSSION

### A. Grounds for Relief

Construing Petitioner's motion liberally, it raises three grounds for relief. First, Petitioner asserts the PSR "was not investigated thoroughly," resulting in erroneous calculations of his criminal history and

offense level.[2] (Doc. No. 66 at 7–9.) Second, Petitioner contends the PSR incorrectly calculated his criminal history score because the PSR stated Petitioner was on probation for a previous state conviction at the time of the offense of conviction. (Doc. No. 66 at 9–11.) Third, Petitioner challenges the PSR's amount-of-loss calculation.[3] Thus, all Petitioner's challenges derive from the PSR's content.

**B. Petitioner's Claims are Procedurally Defaulted**

"A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." United States v. Ratigan, 351 F.3d 957, 962 (2003)(citing Bousley v. United States, 523 U.S. 614, 622 (1998), and Medrano v. United States, 315 F.2d 361, 361-62 (9th Cir. 1963)).

Nonconstitutional sentencing issues "may not be raised under § 2255 if [they were] not raised at sentencing or on direct appeal." United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996); United

[2] Petitioner's first ground for relief essentially asserts his innocence based on a theory of entrapment by estoppel; he states he received reassurance from the Department of Agriculture in 2011 and 2012 that he could "keep on doing what he was doing." (Doc. No. 66 at 7–9.)

[3] The Government restates Petitioner's third ground for relief as a challenge to the amount of restitution ordered by the Court. (Doc. No. 69 at 3.)

States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1995). It is well-settled that "computational errors in a petitioner's presentence report do not give rise to a constitutional issue." Id.; United States v. Keller, 902 F.2d 1391, 1393 (9th Cir. 1990).

The transcript of Petitioner's sentencing hearing does not indicate any objections to the PSR's findings or calculations relevant to Petitioner's motion.[4] Petitioner waived his appellate rights as part of his plea deal, has not challenged the validity of that waiver here, and he voluntarily withdrew his direct appeal. Therefore, section 2255's procedural bar precludes Petitioner's motion insofar as it seeks relief from any claim not raised at sentencing or on direct appeal.[5]

---

[4] Petitioner's sentencing memorandum raised an objection to the PSR's amount-of-loss calculation, but at the sentencing hearing Petitioner's counsel stated he agreed with the Court's characterization of that objection as an argument under 18 U.S.C. § 3553(a), not the guidelines. (See Sent. Hr'g Tr. 9.) Further, Petitioner stipulated to a loss amount of more than $2,500,000 but less than $7,000,000 in the plea agreement. (Doc. No. 29 at 10.)

[5] As the government points out, the PSR erroneously added 2 points to Petitioner's criminal history score under U.S.S.G. § 4A1.1(d). (Doc. No. 69 at 6 n.2.) Petitioner was not, in fact, on probation at the time of the offense of conviction. The PSR recommended a criminal history score of III, which the Court reduced to II at the sentencing hearing. Thus, as explained in greater detail below, any error was inconsequential.

**C. Petitioner's Counsel was not Ineffective**

Petitioner does not claim his counsel was ineffective, but even if he did such a claim would fail. To establish ineffective assistance of counsel, a defendant must prove: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The "likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011).

Petitioner's motion references his first lawyer, Assistant Federal Public Defender Kay Otani, whom Petitioner contends was "very much asleep" during his representation, which concluded shortly after the plea agreement. (See Doc. No. 31.) (appointing new counsel two weeks after the June 18, 2013 change of plea hearing). The major defect Petitioner complains of was Attorney Otani's failure to investigate adequately his previous state court convictions. As noted, however, Attorney Otani did not represent Petitioner through sentencing and there is no allegation that Petitioner's second appointed attorney fell below any standard of

competence, or disagreed with the factual basis of the plea agreement.

Even if Petitioner's legal representation was constitutionally defective, Petitioner cannot show he was prejudiced by the defect for two reasons. First, the Court did not accept the PSR's calculation of Petitioner's criminal history score, and accordingly decreased it to II before imposing sentence.[6] Thus, although the PSR's suggested guidelines range contained a factual error (that Petitioner was on probation at the time of the offense of conviction), the Court imposed sentence based on a guidelines calculation that did not reflect the error. Second, the Court's sentence departed downward from the suggested guideline range. Thus, Petitioner cannot show a substantial likelihood that he was prejudiced by the performance of his counsel and would have received a lower sentence had his counsel more diligently investigated his criminal background, and any claim of ineffective assistance of counsel has no merit.

[6] At sentencing, the Court based its sentence on a criminal history category of II, not III. (See Sent. Hr'g Tr. at 13) (calculating guidelines range and noting: "I am inclined to agree with the defense that that's an overstatement of the seriousness of his past offenses . . . . I think he should be in criminal history category 2 based on that. So at criminal history category 2 and offense level 22, the Guideline range is . . . 46 to 57 months").

## V. CONCLUSION

All of Petitioner's grounds for relief are procedurally defaulted, not cognizable under 28 U.S.C. § 2255, or meritless. Therefore the Court DENIES Petitioner's Motion WITH PREJUDICE. The record and files in this case show Petitioner is not entitled to relief; thus, no evidentiary hearing is required.

Dated: March 30, 2015

VIRGINIA A. PHILLIPS
United States District Judge